**A.L. BRUNER; Marilyn Bruner; B & C Housing, Inc., a California Limited Partnership, Claimants—Appellants,**

v.

**MERRILL LYNCH, INC., Respondent— Appellee.**

No. 06–35136.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2008 *.

Filed Feb. 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.* *R.App. P. 34(a)(2).*

**626**

Steven Craig Baldwin, Esq., Watkinson Laird Rubenstein Lashway & Baldwin, Eugene, OR, Robert A. Graham, Jr., Esq., Grants Pass, OR, for Claimants–Appellants.

[Ret.] Ky B. Fullerton, Esq., Miller Nash, LLP, Mary T. Huser, Esq., Portland, OR, [Ret.] Geoffrey S. Beckham, Esq., Bingham McCutchen, LLP, East Palo Alto, CA, for Respondent–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM **

A.L. Bruner, Marilyn Bruner, and B & C Housing, Inc. (collectively, Bruner), appeal the district court's denial of Bruner's motion to vacate an arbitration award in favor of Merrill Lynch, Inc. We see no fundamental unfairness in the arbitration panel's refusal either to hear testimony from Adam Quinton and Keith McClung, or to receive approximately 55,000 pages of documents into evidence. 9 U.S.C. § 10(a)(3); *see Sunshine Mining Co. v. United Steelworkers of America*, 823 F.2d 1289, 1295 (9th Cir.1987) (noting standard). Accordingly, we affirm.

There is no basis for concluding that Quinton's testimony would have been crucial. Bruner has not pointed to any place in the record indicating what Quinton's testimony would have been, if called. In any event, pertinent facts in support of both counts in Bruner's statement of claim were adduced through others. Further, there was evidence showing that Bruner called his own shots and did not read research reports; that the reports were not fraudulent and did not omit information that would have rendered the statements made not misleading; that opinions in the reports were forward-looking and discussed risk; and that the reports disclosed Merrill Lynch's investment banking connection. In addition, Bruner's expert testified as to why the research reports were arguably false or misleading, as well as to the conflict of interest that in his view tainted Merrill Lynch's "long-term buy" recommendations. Thus, the arbitrators could fairly conclude that it was unnecessary to hear from Quinton.[1]

Bruner maintains that McClung was necessary because his case in part turned on evidence that he relied on the counsel of advisors such as brokers. However, there was ample evidence regarding the people and information that Bruner relied upon. The arbitrators could fairly conclude that McClung's testimony would have been cumulative, and likely immaterial as well, given Bruner's own testimony that he did not rely on his broker at all.

Nor can we say that any excluded document was pertinent or material. The 55,000 or so pages that Bruner wanted to present are not before us, and we have

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. To the extent that Bruner asks this court to take judicial notice that *other* analysts admitted to writing recommendations contrary to their actual opinions in order to curry favor from the investment banking side of *other* firms, we decline to do so.

only a general impression of what they reflect. To the extent they have to do with general investigations, analyses, and conflicts in the industry, they appear immaterial to whether there was fraud *in this case*. Bruner posits that the documents would be relevant to Quinton's testimony, but as we have concluded that the arbitration panel was not required to hear from Quinton, the documents were not pertinent on this footing. In fact, the panel allowed Bruner to introduce a great number of these documents in the course of examining his expert. Bruner does not suggest (and we cannot discern) any respect in which the remaining ones were material.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.